FILED
JUN 22 2021
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

FOR THE __WESTERN__ DISTRICT OF TEXAS

__MIDLAND-ODESSA__ DIVISION

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

__Trevor Aaron Baugh__
PETITIONER
(Full name of Petitioner)

__Huntsville Unit__
CURRENT PLACE OF CONFINEMENT

vs.

__02134262__
PRISONER ID NUMBER

__BOBBY LUMKIN__
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner)

__MO:21-CV-00121__
CASE NUMBER
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

- [x] A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- [ ] A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- [ ] A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- [ ] Other: _____ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: __441ST District Court of MIDLAND COUNTY, TEXAS__

2. Date of judgment of conviction: __MAY 3rd, 2017__

3. Length of sentence: __45 YRS CONFINEMENT TDCJ-CID__

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: __Trial Crt. No. CR48163; ROBBERY - LESSER INCLUDED OFFENSE__

### Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:

5. What was your plea? (Check one)  ☒ Not Guilty    ☐ Guilty    ☐ Nolo Contendere

6. Kind of trial: (Check one)  ☒ Jury    ☐ Judge Only

7. Did you testify at trial?  ☒ Yes    ☐ No

8. Did you appeal the judgment of conviction?  ☒ Yes    ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? ELEVENTH DIST. OF TEXAS    Cause Number (if known): 11-17-00131-CR

   What was the result of your direct appeal (affirmed, modified or reversed)? AFFIRMED

   What was the date of that decision? February 7th, 2019

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: UNKNOWN

   Result: REFUSED / REHEARING DENIED

   Date of result: 06/19/2019    Cause Number (if known): UNKNOWN

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: N/A

   Date of result: N/A

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.    ☒ Yes    ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: TEXAS COURT OF CRIMINAL APPEALS

    Nature of proceeding: WRIT OF HABEAS CORPUS ACTION

    Cause number (if known): WR-91,421-01

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: __MAY 26th, 2020__

Grounds raised: __INEFFECTIVE ASSISTANCE OF COUNSEL__

Date of final decision: __MARCH 17th, 2021__

What was the decision? __DENIED W/O WRITTEN (NO HEARING)__

Name of court that issued the final decision: __TEXAS COURT OF CRIM. APPEALS__

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: __N/A__

Nature of proceeding: __N/A__

Cause number (if known): __N/A__

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
__N/A__

Grounds raised: __N/A__

Date of final decision: __N/A__

What was the decision? __N/A__

Name of court that issued the final decision: __N/A__

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?  ☐ Yes  ☒ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: __N/A__

   (b) Give the date and length of the sentence to be served in the future: __N/A__

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? ☐ Yes ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: __N/A__

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? ☐ Yes ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes ☐ No

16. Are you eligible for release on mandatory supervision? ☐ Yes ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: __N/A__

    Disciplinary case number: __N/A__

    What was the nature of the disciplinary charge against you? __N/A__

18. Date you were found guilty of the disciplinary violation: __N/A__

    Did you lose previously earned good-time days? ☐ Yes ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: __N/A__

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    __N/A__

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☐ Yes ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: __N/A__

Date of Result: __N/A__

Step 2 Result: __N/A__

Date of Result: __N/A__

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    <u>CAUTION</u>: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** PETITIONER WAS DEPRIVED OF EFFECTIVE-CONFLICT FREE COUNSEL DURING A CRITICAL STAGE (PLEA HEARING) 6TH and 14TH U.S. CONSTITUTIONAL AMENDMENT RIGHT VIOLATION(S)

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   Counsel failed to assist petitioner and develop a record during a plea hearing to support petitioner's decision to plead guilty in exchange for a 7 year sentence recommendation. Counsel did not submit or develop known facts to support petitioner's action during offense that supported guilt because he did not want to appear to be "BULLDOGGING" petitioner into pleading guilty (conflict of interest). Record shows petitioner pleading court to accept guilty plea & counsel was silent, later explaining he believed attorney/client relationship not possible. Court rejected plea because there was no support of guilt. Video & admissions by petitioner and other witnesses (police reports) show conduct was for plea offense offered. See memorandum incorporated by reference.

B. GROUND TWO:

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

—6—

C. GROUND THREE: _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

D. GROUND FOUR: _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

21. Relief sought in this petition: _____

_____

_____

_____

_____

_____

_____

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☒ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

    N/A

    If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition? ☐ Yes ☒ No

    If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

    N/A

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

    If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. N/A

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: H. LEVERETT, Jr. P.O. Box 10506; Midland, TX 79702

    (b) At arraignment and plea: SAME AS ABOVE

    (c) At trial: C. DeANDA; 214 W. TX Ave. ste 900; Midland, TX 79701

    (d) At sentencing: SAME AS ABOVE

    (e) On appeal: UNKNOWN

    (f) In any post-conviction proceeding: NO COUNSEL - PRO SE

(g) On appeal from any ruling against you in a post-conviction proceeding: __N/A__

__N/A__

## Timeliness of Petition:

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

> Petitioner's pleading is timely. Petitioner filed a timely motion for rehearing as authorized by Tex. R. App. Proc. 69.4(a), of which, was denied on June 19, 2019. Petitioner's conviction became final 90 days after the motion was denied. (See Foreman v. Dretke, 383 F. 3d 336 (5th Cir. 2004); Catchings v. Fisher, 815 F. 3d 207, 210 (5th Cir. 2016)). Petitioner's conviction became final on September 17, 2019 for AEDPA purposes. On May 26, 2020, petitioner's state writ was file stamped by trial court. 252 days expired prior to filing state writ, as such, 113 days remained on the 365 day time period, of which, was tolled during the filing of the state writ. On March 17, 2021, the state writ was denied W/O written order. Petitioner's one year time period under AEDPA will expire on July 8th, 2021 (Petitioner's calculations).

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

N/A
_____
Signature of Attorney (if any)

N/A
_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. ~~and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on~~

~~xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx (month, day, year).~~

Executed (signed) on June 15th, 2021 (date).

_____
Signature of Petitioner (required)

Petitioner's current address: Trevor Aaron Baugh #2134262
815 12th St., Huntsville, TX 77348