UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| TREVOR AARON BAUGH § | |
| § | |
| vs. § | NO: MO:21-CV-00121-DC |
| § | |
| BOBBY LUMPKIN § | |

### ORDER DIRECTING RESPONDENT TO FILE ANSWER

On this day, the Court considered Petitioner Trevor Aaron Baugh's ("Petitioner") Application for Writ of Habeas Corpus by a Person in State Custody filed pursuant to 28 U.S.C. §2254 in the above-captioned case.

In accordance with Rules 4 and 5 of the Rules Governing §2254 Cases, **the Clerk shall serve Respondent with a copy of Petitioner's 28 U.S.C. §2254 Habeas Corpus Application [docket number 1], as well as his Memorandum in Support [docket number 5], and direct Respondent to file an answer or other responsive pleading**.

Accordingly, **IT IS ORDERED**:

1. **Service on Respondent:** The Clerk shall serve the §2254 Application and this Order electronically via CM/ECF on the Texas Attorney General and counsel for the Director, directed to the attention of Edward Marshall, Assistant Attorney General, Chief of the Criminal Appeals Division and Laura Haney.

2. **Respondent's Answer**: Respondent shall file an answer no later than **November 8, 2021. Respondent's answer shall conform to Rule 5 of the Rules Governing §2254 Cases and Fed. R. Civ. P. 12.**

3. **Service on Petitioner:** Respondent shall serve Petitioner with a copy of the answer as required by Fed. R. Civ. P. 5(b).

4. **Exhaustion and Procedural Bar Issues:** If Respondent asserts Petitioner has not exhausted available state remedies, Respondent shall explain the state remedies still available to Petitioner with regard to each unexhausted claim. If Respondent asserts Petitioner has procedurally defaulted on any claim, Respondent shall identify which of Petitioner's claims Respondent contends are procedurally barred.

5. **Limitations:** Respondent shall address whether the Application was filed within the one-year limitations period of 28 U.S.C. §2244(d).

6. **Abuse of the Writ:** If Respondent asserts abuse of the writ as a defense, Respondent shall identify which of Petitioner's claims were included or could have been included in a prior federal habeas corpus Application.

7. **Petitioner's Reply:** Local Court Rule CV-7(e) provides that a party opposing a motion must file a response to the motion within fourteen (14) days of service of that motion. Any failure to file such a timely response may be construed by the Court as a lack of opposition to the motion and result in the Court granting the motion as unopposed. Additionally, if Petitioner fails to respond in a timely manner to an opposing party's motion, the Court *may* dismiss Petitioner's case for want of prosecution. Pursuant to Local Court Rule CV-7(f), Respondent *may* file a reply in support of a motion, and any reply *shall* be filed within 7 days of the service of the response, but the Court need not wait for the reply before ruling on the motion. Any reply shall be limited to 10 pages, unless otherwise authorized by the Court. Absent leave of the Court, **no** further submissions on the motion are allowed by either side.

8. **Duty to Serve Opposing Counsel:** Both the Federal Rules of Civil Procedure and this Court's Local Rules require that all documents submitted to the Clerk of this Court for filing must be served on the opposing party through service on opposing counsel. The Court will disregard any pleading, motion, or other document submitted for filing that fails to contain the "certificate of service" required under Federal Rule of Civil Procedure 5(d). The "certificate of service" must state the date and method (e.g., hand delivery, certified mail or regular mail) by which Petitioner sent a copy of that pleading, motion or document to Respondent's counsel of record.

9. **Duty to Inform Court of Change of Address:** Petitioner shall *immediately* notify the Clerk and each Respondent's counsel in writing of any change of address. He shall caption any such advisories as "Notice to the Court of Change of Address" and not include any motions or other matters in such notice. Failure by Petitioner to furnish the Court and Respondent with a notice of a change of address will be interpreted by the Court as a failure to prosecute may result in the Court recommending dismissal of the Application.

10. **State Court Records:** Within thirty (30) days after Respondent files an answer or other responsive pleading, Respondent shall file the State court records.

It is so **ORDERED.**

**SIGNED this 6th day of August, 2021.**

_____
**DAVID COUNTS**
**UNITED STATES DISTRICT JUDGE**